UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALTON TYRONE PETTWAY,

     Plaintiff,

v.                                                    Case No. 8:23-cv-1785-MSS-CPT

AMAZON,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

     Before me on referral is Plaintiff Alton T. Pettway's *Application to Proceed in District Court Without Prepaying Fees or Costs* (Doc. 2), which I construe as a motion to proceed in forma pauperis (IFP Motion).  Also before me is Pettway's complaint, which includes an attached "Confidential Witness Affidavit." (Doc. 1).[1]  Pettway was representing himself when he filed these submissions but has since retained an attorney, Derek P. Usman, who filed a notice of appearance last month.  (Doc. 15).  For the reasons discussed below, I respectfully recommend that Pettway's IFP Motion be denied without prejudice and that his complaint be dismissed with leave to amend.

---

[1] Federal Rule of Civil Procedure 10 instructs that an attachment to a complaint is deemed to be "part of the pleading for all purposes."  Fed. R. Civ. P. 10(c).

I.

This action stems from Pettway's employment at an Amazon facility in Auburndale, Florida between 2016 and 2023. (Doc. 1). Although Pettway's complaint is somewhat disjointed and meandering, the focus of his allegations appears to be on several incidents that allegedly occurred during the last few months of his tenure at Amazon, which he believes were predicated on his race (Black), age (32), gender (male), and/or his disability (a "blinded eye"). *See id.* at 4.

The first of these incidents is a November 2022 meeting Pettway had with one of his supervisors named Sharon Zeilmann. *Id.* at 14, 20. According to Pettway, Zeilmann informed Pettway at this meeting that she thought he was a "hot head" and that she disliked him at first because he tried to instruct her on how to carry out her work responsibilities. *Id.* at 20. Pettway avers that he reported Zeilmann's comments to a senior manager and also expressed concern that Zeilmann's "negative feeling and attitude" towards him placed his position at Amazon in jeopardy. *Id.* Pettway asserts that although the senior manager advised he would speak with Zeilmann, Pettway does not believe he did so. *Id.*

In addition to this interaction with Zeilmann in November 2022, Pettway describes a job-related injury he allegedly sustained in January 2023 when his "tape gun" became jammed while he was cleaning up a "mishap." *Id.* at 21–23. According to Pettway, the blade on the gun "poked" his finger when he removed his gloves to fix it, causing him to bleed. *Id.* at 23. Pettway avers that a senior Human Resources (HR)

representative subsequently summoned Pettway to his office and suggested that the accident was avoidable, which Pettway denied. *Id.* at 24.

Lastly, Pettway alleges that roughly a month later, in February 2023, HR officials called him into a meeting and advised him that he was terminated from Amazon because he was not using his "personal protection equipment" on the day he hurt himself with the tape gun. *Id.* at 25. Pettway avers he appealed this decision but was denied reinstatement in March 2023 following a hearing on the matter. *Id.* at 12, 25–26.

Based upon these allegations, Pettway asserts claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967 (ADEA), and the Americans with Disabilities Act of 1990 (ADA). *Id.* at 3. For relief, Pettway seeks $8.5 million in damages due to "the financial losses" and "emotional distress and suffering" he experienced as a result of Amazon's purportedly unlawful conduct. *Id.* at 7. Amazon filed an answer to Pettway's complaint, in which it generally denied Pettway's averments and asserted various defenses. (Doc. 4).

With respect to his claim of indigency, Pettway represents in his IFP Motion that he receives roughly $3,000 per month in employment income and that he incurs approximately $8,200 per month in expenses. (Doc. 2). Pettway also states that that he owns a 2005 Chevy Impala worth approximately $3,400 and has about $120 in available cash. *Id.*

II.

Pursuant to 28 U.S.C. § 1915, a district court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" upon a showing of indigency by affidavit. 28 U.S.C. § 1915(a)(1). The court has "wide discretion" to grant or deny an application to proceed in forma pauperis. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306–07 (11th Cir. 2004) (per curiam) (citation omitted). While such an application need not evidence "that the litigant is absolutely destitute," it must indicate "that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* at 1307 (citation and internal quotation marks omitted). In assessing whether a litigant is indigent, "courts will generally look to whether [he] is employed, [his] annual salary, and any other property or assets [he] may possess." *Lesure v. Saul*, 2021 WL 2003458, at *1 (M.D. Fla. Mar. 31, 2021) (internal quotation marks and citation omitted), *report and recommendation adopted*, 2021 WL 2003073 (M.D. Fla. May 19, 2021).

When an application to proceed in forma pauperis is filed, the district court must also review and dismiss the case sua sponte if it determines the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In addition, the Federal Rules of Civil Procedure provide that a court must dismiss an action "[i]f the court determines at any time that it lacks subject-matter

jurisdiction."  Fed. R. Civ. P. 12(h)(3); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (stating that all federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party") (citation omitted).

In evaluating a complaint under this framework, a court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff.  *Jara v. Nunez*, 878 F.3d 1268, 1271–72 (11th Cir. 2018) (citation omitted).  A court, however, may not "afford [any] presumption of truth to legal conclusions and recitations of the basic elements of a cause of action."  *Franklin v. Curry*, 738 F.3d 1246, 1248 n.1 (11th Cir. 2013) (per curiam) (citations omitted).

Finally, while pro se pleadings are to be construed liberally, courts are not to "act as de facto counsel" for unrepresented litigants, nor are they to "rewrite an otherwise deficient pleading to sustain an action."  *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citing *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

III.

Irrespective of whether Pettway qualifies as indigent for purposes of section 1915, his pro se complaint is infirm because, at a minimum, it does not comply with the pleading requirements set forth in Federal Rules of Civil Procedure 8 and 10 and also fails to state a cognizable claim under the ADEA.

A.

Rule 8 requires, in relevant part, that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Rule 10 relatedly instructs that a complaint "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count." Fed. R. Civ. P. 10(b).  As the Eleventh Circuit has explained, Rules 8 and 10 "work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, [and so that a] court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).

Pettway's complaint does not meet these pleading standards here.  To begin, his factual averments are too vague and conclusory to satisfy Rule 8.  *See Iqbal*, 556 U.S. at 677–78 (noting that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (citation omitted); *Holbrook v. Castle Key Ins. Co.*, 405 F. App'x 459, 460 (11th Cir. 2010) (per curiam)[2] ("Where the allegations of a complaint are 'vague and ambiguous—leaving the reader to guess at precisely what the plaintiff [is] claiming,' the court should order a repleader.") (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1128 (11th Cir. 2001)).  By way of example, despite averring

---

[2] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

he was discriminated against on account of his race, age, gender, and/or disability, Pettway does not allege with sufficient particularity the unlawful actions Amazon supposedly undertook based on each of these characteristics. (Doc. 1). His complaint also is not "plain" as demanded by Rule 8, as it contains a rather lengthy account about his time at Amazon that includes events seemingly unrelated to his claims. *See United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006) (finding that when a court is faced with a complaint that necessitates the court to "sift each count for the allegations that pertain to the cause of action purportedly stated and, in the process, disregard the allegations [that are extraneous to the count]," the court should insist that the party file a repleader); *Belgrave v. Publix Supermarket Inc.*, 2020 WL 10056401, at *4 (N.D. Ga. June 19, 2020) (directing the plaintiff to file an amended complaint, in part, because the court was unable to glean what facts were intended to buttress which claims and which facts were intended to supply background or context).

In contravention of Rule 10, Pettway likewise fails to separate each cause of action or claim for relief into different counts, and for each count, to identify in separately numbered paragraphs the pertinent facts which support that count. *See Gabriel v. Windy Hill Foliage Inc.*, 2022 WL 2288687, at *2 (11th Cir. June 24, 2022) (criticizing complaints that do "not separat[e] into a different count each cause of action or claim for relief") (internal quotation marks and citation omitted); *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322–23 (11th Cir. 2015) (stating that one of the most common "sin[s]" committed by plaintiffs is "not separating into a different

count each cause of action or claim for relief"); *Reddick v. DeSantis*, 2023 WL 2872483, at *3 (M.D. Fla. Mar. 22, 2023) (deeming a complaint to be deficient in part because it "fail[ed] to separate into a different count each cause of action or claim for relief") (citations omitted). Moreover, while Pettway's confidential witness affidavit is considered to be part of his complaint, it is sometimes hard to read due to the font size employed and the poor quality of the copy. *See Lindberg v. Gabbard*, 2021 WL 4200897, at *1 (M.D. Fla. Aug. 30, 2021) (observing, in analyzing the sufficiency of the plaintiff's complaint, that it was "unintelligible, and in some places, illegible"); *Bourgeois v. Rock*, 2023 WL 3884683, at *1 (S.D. Fla. June 7, 2023) (same).

Viewed singularly or in combination, these defects deprive both Amazon and the Court of "fair notice" regarding the nature of the claim(s) brought against Amazon and the "grounds" upon which they are predicated. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007); *see also Weiland*, 792 F.3d at 1323 (stating that the "[t]he unifying characteristic" of complaints that fail to adhere to the requirements of Rules 8 and/or 10 "is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests"); *Curry*, 738 F.3d at 1250 ("It is important that defendants be apprised of the conduct that forms the basis of the charges against them."). The fact that Pettway was proceeding pro se when he filed his complaint does not excuse his failure to comply with the basic pleading requirements imposed by the Federal Rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that

procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## B.

In addition to these pleading deficiencies, Pettway's ADEA claim appears to be fatally flawed in at least one respect. While the ADEA prohibits age discrimination against individuals who are age forty or older, *see* 29 U.S.C. § 631(a), Pettway states that he is only thirty-two (Doc. 1 at 4), *see Castillo v. Allegro Resort Mktg.*, 603 F. App'x 913, 918 n.6 (11th Cir. 2015) (concluding that the plaintiff's ADEA claim could not apply to any alleged harassment which commenced before her fortieth birthday).

## C.

Notwithstanding the above issues, I respectfully propose that the Court dismiss Pettway's complaint without prejudice and with leave to amend, so that Pettway has an opportunity to correct these problems. *See Emrit v. Sec'y, U.S. Dep't of Educ.*, 829 F. App'x 474, 477 (11th Cir. 2020) (per curiam) ("A plaintiff ordinarily should get one opportunity to amend his complaint before dismissal with prejudice.") (citing *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005)). This approach seems particularly appropriate since Pettway is now represented by counsel.

## IV.

For the reasons set forth above, I respectfully recommend that the Court:

1.      Deny Pettway's IFP Motion (Doc. 2) without prejudice;

2.      Dismiss Pettway's complaint (Doc. 1) without prejudice;

9

3.      Grant Pettway leave to file, within thirty (30) days of the Court's Order, an amended complaint that adequately pleads one or more cognizable causes of action over which the Court has jurisdiction;

4.      Instruct Pettway that if he files a renewed IFP motion, he should address whether his attorney was hired on a pro bono or contingency basis; and

5.      Caution Pettway that a failure to abide by these directives may result in the dismissal of his case without further notice.

Respectfully submitted this 23rd day of February 2024.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable Mary S. Scriven, United States District Judge
Counsel of record

10