**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| ALTON TYRONE PETTWAY,<br>a Florida corporation,<br><br>*Plaintiff*,<br><br>-v-<br><br>AMAZON FULFILLMENT<br>CENTER,<br><br>*Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 8:23-CV-01785-MSS-CPT |

## DEFENDANT'S ANSWER TO AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant Amazon.com Services, LLC – sued erroneously as "Amazon Fulfillment Center" – files this response denying Plaintiff Alton Tyrone Pettway's claims and raising affirmative defenses based on Plaintiff's clear breach of the parties' settlement agreement and release, which bars all of Plaintiff's claims. A true and correct copy of the Parties' settlement agreement and release is attached hereto as **Exhibit A**.

## GENERAL DENIAL

Defendant denies each and every allegation in Plaintiff's Amended Complaint with the limited exceptions detailed below. Defendant denies any allegation that it does not specifically admit.

## DEFENDANT'S ANSWER TO SPECIFIC ALLEGATIONS

Defendant answers the corresponding parts of the Amended Complaint as follows:

## INTRODUCTION

1. This is an action to secure relief, legal, equitable, injunctive, and punitive, based upon Amazon's discriminatory employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e, et seq. ("Title VII") because of Pettway's race (Black /African-American).

**RESPONSE:** The Amended Complaint speaks for itself. Defendant denies that Plaintiff is entitled to any relief.

2. In violation of Title VII, Amazon discriminated against Pettway during his employment because of his race when he was terminated. Pettway was also retaliated against for engaging in protected activity, having complained of harassment and discrimination based upon his race.

**RESPONSE:** Denied.

## PARTIES

3. Plaintiff Pettway is an individual over eighteen years of age, residing and domiciled in Polk County, Florida and is otherwise sui juris. During all relevant times, Pettway was an "employee" as defined by Title VII.

**<u>RESPONSE</u>:** Defendant lacks sufficient information to admit or deny the allegation of Plaintiff's residence and domicile. The remaining allegations consist of legal conclusions that do not require a response.

4. Defendant Amazon is a foreign corporation authorized to conduct business and is conducting business in the state of Florida. At all times material hereto, Amazon has been an "employer" as defined by Title VII.

**<u>RESPONSE</u>:** Admitted that Amazon is a foreign corporation authorized to conduct business in the state of Florida. The remaining allegations consist of legal conclusions that do not require a response.

## <u>JURISDICTION AND VENUE</u>

5. Venue is proper in this Judicial Circuit as all the events arising out of this cause arose in this Judicial District, and all Parties are located there. Venue of this action is proper pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3).

**<u>RESPONSE</u>:** This allegation is a legal conclusion to which no response is required, but Amazon does not challenge the venue.

6. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §1331, 42 U.S.C. § U.S.C. § 2000e-5(f)(3).

**<u>RESPONSE</u>:** This allegation is a legal conclusion to which no response is required, but Amazon does not challenge the existence of federal subject matter jurisdiction.

**<u>ADMINISTRATIVE PROCEEDINGS</u>**

7. Pettway filed a Charge of Discrimination against Amazon with the Equal Employment Opportunity Commission ("EEOC") for race discrimination and retaliation on May 18, 2023, a true and accurate copy of which are attached hereto as Exhibit A ("Charge") and incorporated herein. (EEOC Charge No. 511-2023-01580).

**<u>RESPONSE</u>:** Amazon admits that Plaintiff filed a Charge, which speaks for itself.

8. In his EEOC Charge Pettway alleged that Amazon discriminated against him on the basis of race, which is an actionable violation of Title VII. Pettway had also alleged that the Defendant retaliated against him in violation of Title VII.

**<u>RESPONSE</u>:** Amazon admits that Plaintiff filed a Charge, which speaks for itself.

9. With respect to Pettway's Charge, the EEOC issued a Determination and Notice of Rights letter dated May 24, 2023, based on Pettway's allegations, a true and accurate copy(s) of which is attached hereto as Exhibit B.

**<u>RESPONSE</u>:** Amazon admits that Plaintiff requested and received a Notice of Right to Sue letter, which speaks for itself.

10. Pettway filed this lawsuit on August 21, 2023, within 90 days of the date that the EEOC letter was received by Pettway.

**<u>RESPONSE</u>:** Admitted that Plaintiff filed this lawsuit on August 21, 2023.

11. Pettway timely filed his Charge of discrimination with the EEOC and has met all administrative prerequisites for the bringing of this action.

**<u>RESPONSE</u>:** This allegation is a legal conclusion to which no response is required.

## <u>GENERAL ALLEGATIONS COMMON TO ALL COUNTS</u>

12. Pettway's race is Black / African-American.

**<u>RESPONSE</u>:** Admitted.

13. At all times relevant to this action, Pettway was employed by Amazon.

**<u>RESPONSE</u>:** Admitted that Plaintiff worked for Amazon, although it is unclear what Plaintiff means by "at all times relevant to this action," so Amazon can neither admit nor deny the accuracy of that allegation.

14. Pettway began his employment with Amazon in March 2016.

**RESPONSE:** Admitted.

15. Pettway was qualified to perform the essential duties of his position as an inbound support services representative.

**RESPONSE:** This allegation is a legal conclusion to which no response is required, but Amazon denies that Plaintiff was qualified to perform the duties of his job.

16. Throughout his tenure with Amazon, Pettway encountered discrimination by his supervisors, and then retaliation after he complained of said discrimination.

**RESPONSE:** Denied.

17. On or about August 2022, Pettway was prohibited from using a particular pseudonym for his work identification badge. Amazon deemed the pseudonym offensive.

**RESPONSE:** Admitted that Plaintiff was not permitted to use an offensive pseudonym at work.

18. On or about January 24, 2023, Amazon characterized Pettway's workplace injury as "avoidable" to impute fault upon Pettway.

**<u>RESPONSE</u>:** Denied.

19. Pettway further confronted and complained of discrimination by Amazon to human resources.

**<u>RESPONSE</u>:** Denied.

20. Nevertheless, Pettway was still subjected to discriminatory and retaliatory actions by Amazon.

**<u>RESPONSE</u>:** Denied.

21. Amazon tolerated and cultivated a work environment that discriminated against Pettway because of his race.

**<u>RESPONSE</u>:** Denied.

22. Amazon also ignored, disregarded, minimized, covered up, mishandled, or otherwise failed to respond properly to evidence of race discrimination.

**<u>RESPONSE</u>:** Denied.

23. Pettway was terminated by Amazon on February 25, 2023.

**<u>RESPONSE</u>:** Admitted.

## <u>COUNT I</u>

### TITLE VII DISCRIMINATION – Wrongful Termination
### 42 U.S.C. §§ 2000e, et seq., 42 U.S.C. § 2000e-2a

24. Pettway re-alleges and incorporates by reference paragraphs 1 through 23 as though fully set forth herein.

**<u>RESPONSE</u>:** Amazon incorporates its responses to the same paragraphs.

25. Amazon, an employer within the meaning of Title VII, engaged in discrimination when Pettway was terminated because of his race in violation of Title VII.

**<u>RESPONSE</u>:** Denied.

26. While qualified for his position, Pettway was terminated by Amazon.

**<u>RESPONSE</u>:** Denied.

27. Amazon treated Pettway differently from, and less preferably than, employees of a different race.

**<u>RESPONSE</u>:** Denied.

28. Pettway has suffered damages as a result of Amazon's unlawful actions.

**RESPONSE:** Denied.

29. Amazon's conduct has been intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard of the rights of Pettway, entitling Pettway to punitive damages.

**RESPONSE:** Denied.

## COUNT II

### TITLE VII RETALIATION – Termination
### 42 U.S.C. § 2000e-3(a)

30. Pettway re-alleges and incorporates by reference paragraphs 1 through 23 as though fully set forth herein.

**RESPONSE:** Amazon incorporates its responses to the same paragraphs.

31. Pettway engaged in statutorily protected expression by complaining of race discrimination by Amazon.

**RESPONSE:** Denied.

32. Pettway also contacted Amazon human resources to further complain of discrimination and retaliation by his supervisors.

**RESPONSE:** Denied.

33. Pettway repeatedly complained about discriminatory treatment by his supervisors.

**RESPONSE:** Denied.

34. Amazon terminated Pettway in retaliation for pursuing his rights under Title VII.

**RESPONSE:** Denied.

35. Amazon's retaliatory act(s) was an adverse employment act constituting retaliation against Pettway.

**RESPONSE:** Denied.

36. There is a causal connection between Pettway's protected activity and the adverse action.

**RESPONSE:** Denied.

37. Pettway has suffered damages as a result of Amazon's unlawful actions.

**RESPONSE:** Denied.

38. Amazon's conduct has been intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard of Pettway's rights, entitling him to punitive damages.

**RESPONSE:** Denied.

## COUNT III

### TITLE VII RETALIATORY HOSTILE WORK ENVIRONMENT
### 42 U.S.C. § 2000e-3(a)

39. Pettway re-alleges and incorporates by reference paragraphs 1 through 23 as though fully set forth herein.

**RESPONSE:** Amazon incorporates its responses to the same paragraphs.

40. Pettway engaged in statutorily protected expression by complaining of race discrimination by Amazon.

**RESPONSE:** Denied.

41. Pettway also contacted Amazon human resources to further complain of discrimination and retaliation by his supervisors.

**RESPONSE:** Denied.

42. Pettway repeatedly complained about discriminatory treatment by his supervisors.

**<u>RESPONSE</u>:** Denied.

43. Amazon retaliated against Pettway for pursuing her rights under Title VII when Pettway suffered "a materially adverse employment action" in the form of ongoing harassment comprised of scrutiny of his work, and also involuntary termination.

**<u>RESPONSE</u>:** Denied.

44. A reasonable employee would find that Amazon's repeated retaliatory acts would dissuade a reasonable person from making or supporting a charge of discrimination.

**<u>RESPONSE</u>:** Denied.

45. There was a causal connection between Pettway's protected activity and the adverse action.

**<u>RESPONSE</u>:** Denied.

46. Pettway has suffered damages as a result of Amazon's unlawful actions.

**<u>RESPONSE</u>:** Denied.

47. Amazon's conduct has been intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard of Pettway's rights, entitling him to punitive damages.

**RESPONSE:** Denied.

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

Below are Defendant's affirmative and other defenses. By setting forth these defenses, Defendant does not assume any burden of proof as to any fact issue or other element of any cause of action that properly belongs to plaintiff. Defendant reserves the right to amend or supplement its defenses.

1. Plaintiff's claims are barred by the release he signed releasing Amazon of all claims alleged in the Complaint in exchange for a monetary payment, a true and correct copy of which is attached hereto as **Exhibit A**.

2. Plaintiff's claims are barred by the doctrine of accord and satisfaction because he accepted a monetary payment in exchange for releasing all claims alleged in the Complaint.

3. Plaintiff fails to state a claim upon which relief can be granted.

4. Even if Plaintiff could prove the allegation that an unlawful factor motivated any action by Amazon – which Amazon specifically denies – there were other legitimate factors that motivated those actions. Amazon asserts it would have taken the same actions with respect to Plaintiff in the absence of any impermissible motivating factors.

5. If Plaintiff sustained any damages – which Amazon specifically denies – such damages were proximately caused or contributed to, in whole or in part, by the acts, omissions, culpable conduct, lack of due diligence, negligence, misconduct, and/or bad faith of Plaintiff and/or third parties, or Plaintiff and/or third parties otherwise were at fault. Plaintiff is therefore not entitled to any relief under the Complaint or under any cause of action purported to be alleged against Amazons, or Plaintiff's recovery, if any, should thereby be reduced in proportion to Plaintiff's fault or the fault of third parties.

6. Plaintiff's damages are barred in whole or in part by his failure to mitigate such damages.

7. Amazon's actions were made in good faith and without malice, deliberate indifference, bad faith, or reckless disregard of any of Plaintiff's legal rights.

8. Amazon had legitimate, non-discriminatory, non-retaliatory, and non-pretextual reasons for each action taken with regard to Plaintiff during the course of her employment.

9. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of unclean hands, laches, waiver, and/or estoppel.

10. Plaintiff's damages are limited by all applicable statutory caps.

11. Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided to his or to otherwise avoid harm.

12. Some or all of Plaintiff's claims may be barred by applicable statutes of limitation.

13. Amazon denies that Plaintiff's allegations are true. In any event, Amazon can only be held liable for the actions of employees that occurred in the scope of their employment. Consequently, Amazon is not liable under the doctrine of respondeat superior for the actions of its employees that are outside the scope of their employment.

14. If Plaintiff engaged in any protected activity, there was no causal connection between that conduct and any employment action Amazon took regarding Plaintiff.

## RESERVATION OF RIGHTS

Amazon reserves the right to file, upon completion of its investigation and discovery, such amended answers and affirmative defenses as may be appropriate.

WHEREFORE, Amazon prays for judgment in its favor and against Plaintiff as follows:

1. That the Complaint be dismissed in its entirety;

2. That Plaintiff be ordered to pay Amazon's reasonable attorneys' fees and costs incurred in defending this action; and

That Amazon be awarded such other relief as the Court may deem appropriate.

DAVIS WRIGHT TREMAINE LLP

By: */s/ Matthew Jedreski*
MATTHEW JEDRESKI
Washington Bar No.: 50542
mjedreski@dwt.com
MELINA GARCIA
Washington Bar No.: 58036
Florida Bar No.: 1008309
melinagarcia@dwt.com
Davis Wright Tremaine LLP
1501 4th Avenue, Suite 2600
Seattle, Washington 98101-1688
(206) 622-3150 Telephone
(206) 903-3723 Facsimile

Attorneys for Defendant
AMAZON.COM SERVICES, LLC,
erroneously sued as AMAZON
FULFILLMENT CENTER

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 29, 2024, the foregoing was uploaded for filing and service via the Court's CM/ECF system which will serve an electronic notice of filing to all registered CM/ECF recipients.

By: */s/ Matthew Jedreski*
MATTHEW JEDRESKI

# EXHIBIT A

# CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE OF ALL CLAIMS

This Confidential Settlement Agreement and General Release of All Claims ("Agreement") is entered into by Alton Pettway ("Employee") and Amazon.com Services, Inc., a Delaware corporation ("Amazon" or "Employer"). Employee and Employer are sometimes individually referred to as "Party" or collectively as "Parties." This Agreement contains the compromise between the Parties resolving their disagreements.

## Recitals

A. Employee was employed by Employer at Employer's facilities in Lakeland and Auburndale, Florida, from or around April 23, 2016 until February 25, 2023.

B. In or around March 2023, Employee filed a complaint with OSHA alleging retaliatory employment practices in violation of Section 11(c) of the Occupational Safety & Health Act, 29 U.S.C. § 660(c), Case No. 301013218 (the "OSHA Complaint").

C. In or around May 3, 2023, Employee filed an Unfair Labor Practice charge with the National Labor Relations Board ("NLRB"), Case No. 12-CA-317273 (the "NLRB Charge").

D. The Parties wish to enter into an agreement to prevent, settle, and resolve any disputes that may exist between them arising out of their employment relationship and its termination, with the exception of the NLRB Charge, and they enter into this Agreement for that purpose.

E. The Parties wished to enter into a separate agreement (the "OSHA Settlement Agreement") the terms of which are separate from this Agreement.

## Agreements

In exchange for the mutual promises, covenants, and consideration described herein, Employee and Employer agree as follows:

**1. Employment: Ending Date.**

Employee understands and agrees that Employee's employment with Employer terminated on February 25, 2023.

**2. Consideration.**

In full consideration of Employee's execution of this Agreement and his agreement to be legally bound by its terms, Employer agrees to pay Employee the gross sum of [redacted] (the "Settlement Payment"). This Settlement Payment shall be in the form of two direct deposits to Alton Pettway at the account he previously used for deposits while employed with Employer: (1) a deposit in the amount of [redacted], less required withholdings, as payment for claimed lost wages, and for which Employer shall provide Employee an IRS Form W-2; and (2) a deposit in the amount of [redacted], as

payment for claimed compensatory damages, and for which Employer shall provide Employee an IRS Form 1099.

As a condition of payment, Employee will provide to Amazon's counsel a completed form W-4 and W-9. In addition, Employee will provide to Amazon's counsel information necessary to effect an electronic funds transfer and/or payment via an Automated Clearing House.

The Settlement Payment shall be paid within twenty business days after the later of: (1) the date Amazon has received an execution copy of this Agreement, a W-9 for Employee, a W-4 for Employee, and the information necessary for Amazon to electronically effect the payment set forth above, (2) the date the Agreement becomes effective and enforceable under Paragraph 16 below, and (3) the OSHA Agreement is fully executed.

In the event the Internal Revenue Service, or any other state or local taxing entity, or any court or other tribunal of competent jurisdiction, determines that all or part of these payments are remuneration for which any taxes are due and owing by Amazon, except Amazon's employer share/contribution and amounts it has withheld on behalf of employee, pursuant to this Paragraph 2, Employee shall be solely responsible for the payment of such taxes. Employee agrees not to make a claim against Amazon for the payment of any such taxes, or for any related interest or penalties. Employee also agrees to indemnify Amazon for any amounts paid, including, but not limited to interest and penalties, in connection with any taxes that Employee may owe based on this payment.

**3. Valid Consideration.**

Employee and Employer agree that the consideration described in Paragraph 2 of this Agreement is not required by Employer's policies or procedures or by any contractual obligation and is offered solely as consideration for this Agreement.

**4. Other Charges or Complaints.**

Employee represents that Employee will not file, nor consent to be filed on their behalf, any additional complaints, claims, charges, appeals, or actions against Amazon, or its related entities at any time hereafter in connection with any matters arising or occurring prior to the execution of this Agreement.

Employee understands that this Agreement, and any payment obligations and other consideration identified in Paragraph 2 of this Agreement, is conditioned upon (1) Employee's execution of this Agreement in accordance with its terms and the fulfillment of the promises contained herein, (2) Employee's execution of the OSHA Settlement Agreement, (3) closure of the OSHA Complaint, and (4) dismissal and closure of any other charges with any other government agencies, other than the NLRB Charge, that Employee has already filed or caused to be filed.

PROVIDED, nothing in this Agreement prohibits or restricts Employee from lawfully, (A) communicating or cooperating with, providing relevant information to or otherwise

assisting in an investigation by the FCHR, EEOC or any other governmental authority with responsibility for the administration of fair employment practices laws regarding a possible violation of such laws; (B) responding to any inquiry from such authority, including any inquiry about the existence of this Agreement or its underlying facts; and (C) testifying, participating or otherwise assisting in an action or proceeding relating to a possible violation of any such law, rule or regulation. In addition, nothing in this Agreement precludes Employee from benefiting from class wide injunctive relief awarded in any fair employment practices case brought by any governmental agency, provided such relief does not result in Employee's receipt of any monetary benefit or equivalent thereof. Employee acknowledges and agrees that Employee is waiving any right to recover any monetary damages or any other form of personal relief in connection with any such action, investigation or proceeding. Nothing in this Agreement shall limit Employee's right to seek unemployment compensation benefits, which Amazon hereby agrees not to contest or oppose. Amazon shall respond truthfully to all inquiries regarding unemployment compensation but shall not contest, oppose, or appeal any such application. Amazon's truthful responses to such inquiries, standing alone, shall not be construed as contesting, opposing or appealing the Employee's application.

Further, nothing contained in this Agreement is intended to prohibit or restrict Employee or Amazon from disclosing this Agreement or providing evidence or other information to any government, regulatory, or self-regulatory agency such as (without limitation) the Securities and Exchange Commission ("SEC"), the National Labor Relations Board ("NLRB"), the EEOC, the Department of Justice ("DOJ"), the Financial Industry Regulatory Authority, Inc. ("FINRA"), or the New York Stock Exchange, Inc. ("NYSE") or from responding to any court order or subpoena. Employee does not need the prior authorization of Amazon to provide evidence or other information to any government, regulatory, or self-regulatory agency, and Employee is not required to notify Amazon that Employee has done so. Further, Employee may disclose the necessary terms of this Agreement if necessary in any action to enforce this Agreement.

5. **General Release.**

In consideration of the payments set forth in Paragraph 2 of this Agreement and other promises contained herein, Employee expressly waives any and all claims against Amazon, to the maximum extent permitted by law, releases Amazon (including its parent corporation and any affiliated corporations, its owners, officers, directors, stockholders, managers, agents, employees, and representatives) (collectively, the "Releasees") from any and all actual or potential actions, claims, causes of action, and damages, known or unknown which Employee ever had, now has or hereafter may have as a result of any matters arising or occurring prior to the execution of this Agreement, other than the NLRB Charge. It is understood that this release includes, but is not limited to, any claims for wages, bonuses, employment benefits (including claims under continuing employee benefit plans or claims under ERISA), stock options, restricted stock units, or any other stock purchase plans of Amazon's subsidiaries or affiliates, or damages of any kind whatsoever, arising out of any common law torts, any contracts, express or implied, any covenant of good faith and fair dealing, express or implied, any theory of wrongful discharge, any theory of negligence, any theory of retaliation, any theory of

discrimination or harassment in any form, any legal restriction on Amazon's right to terminate employees, or any federal state, or other government statute or ordinance, including without limitation, Title VII of the Civil Rights Act of 1964, Section 1981, Americans with Disabilities Act, Family and Medical Leave Act, the Equal Pay Act, the National Labor Relations Act, the Occupational Safety and Health Act, the Employee Retirement Income Security Act (including, but not limited to, claims for breach of fiduciary duty under ERISA), the Genetic Information Nondiscrimination Act, the Florida Civil Rights Act, all as amended, or any other statutory or common law limitation or regulation of the employment relationship of state or federal law, as well as any claim for attorneys' fees and costs incurred by or on behalf of Employee.

Employee agrees that Employee may not serve as a representative of a class action, collective action, or representative action, may not participate as a member of a class action, collective action, or representative action, and may not recover any relief from a class action, collective action, or representative action, against Amazon.

For purpose of implementing a full and complete release, Employee hereby expressly waives all rights and benefits Employee may have under this Paragraph 5, as well as under any other statutes or common law principle of similar effect that provides any remedy of any kind, and acknowledges that the release set forth in this Agreement is intended to include the discharge of all claims that Employee does not know or suspect to exist at the time this Agreement is effective. Employee agrees and acknowledges that this is a knowing and voluntary waiver.

It is expressly understood and agreed, however, that nothing in this Agreement is a waiver or release by Employee of any claims Employee may have for workers' compensation benefits.

In addition, Employee expressly waives any and all claims against Amazon and, to the maximum extent permitted by law, releases Amazon (including its parent corporation and any affiliated corporations, its owners, officers, directors, stockholders, managers, agents, employees, and representatives) from any and all actual or potential actions, claims, causes of action, and damages, known or unknown, arising out of Employee's employment, brought by Employee or brought on his behalf, with Amazon or the termination of that employment under the Age Discrimination in Employment Act and the Older Workers Benefit Protection Act.

**6. <u>No Future Employment</u>.**

Employee shall not apply for, seek or accept employment with Amazon (including its parent companies, subsidiaries, and affiliates) at any time, whether directly or through a third party such as a staffing agency or consulting agency. However, this paragraph shall not require Employee to resign Employee position at a future employer if Employee's future employer becomes a parent, subsidiary or affiliate of Employer after this Agreement is executed.

**7. <u>No Admission of Wrongdoing</u>.**

This Agreement shall not be construed as an admission by Amazon or its employees of any wrongful act, unlawful discrimination, or retaliation, and Amazon specifically disclaims any liability to or unlawful discrimination against Employee or any other person.

**8. Integration; No Amendment.**

This Agreement constitutes the full and complete agreement between the Parties concerning the subject matter hereof and may not be modified or otherwise amended except in writing signed by each of the Parties.

**9. Counterparts/Severability.**

This Agreement may be executed in counterparts and, if so executed, each such counterpart shall have the force and effect of an original. A facsimile signature or signature scanned and sent by electronic mail shall have the same force and effect as an original signature. The provisions of this Agreement are severable, and, if any part of it is found to be unlawful or unenforceable, the other provisions of this Agreement shall remain fully valid and enforceable to the maximum extent consistent with applicable law, except that if either Paragraph 4 or 5 is found to be unlawful or unenforceable, Amazon, in its sole discretion, may choose to invalidate any or all of the remaining provisions of this Agreement, including, but not limited to, Paragraph 2.

**10. State Law.**

This Agreement is entered into in the State of Florida and shall be interpreted under the laws of that state without regard to its conflicts of law principles. Any disputes arising under this Agreement shall be brought in a court of competent jurisdiction within the State of Washington. Employee acknowledges that Employee will be subject to a permanent injunction and/or temporary restraining order for any violations of this Agreement. In the event that either party prevails in any action brought by the other to enforce any provision of this Agreement (including but not limited to an action for a permanent injunction or a temporary restraining order), all parties agree that the prevailing party will be entitled to their costs, including attorneys' fees, in addition to any other damages or amounts that may be awarded.

**11. Knowing and Voluntary Agreement.**

Employee represents and agrees that Employee has read this Agreement, fully understands its terms and the fact that they release any and all claims Employee may have against Employer and the other Releasees, understands that Employee has the right to consult counsel of choice and has either done so or has voluntarily waived the right to do so, and enters into this Agreement knowingly and voluntarily and without duress or coercion from any source.

Employee further acknowledges that, in executing this Agreement, Employee does not rely on any representation or statement by any representative of Employer concerning the

subject matter of this Agreement, except as expressly set forth in the text of this Agreement.

**12. <u>Independent Counsel</u>.**

As identified in Paragraph 11 of this Agreement, each Party to this Agreement acknowledges they had the right and opportunity to consult counsel of their choice and that the terms of this Agreement were arrived at voluntarily. The fact this Agreement may have been drafted by one Party's counsel shall not cause any part of this Agreement to be construed against such Party.

**13. <u>Counterparts</u>.**

This Agreement may be executed in counterparts, either in original form or in the form of electronic (PDF) copies, all of which taken together shall collectively constitute one agreement binding on all parties. The Parties shall exchange counterparts by email or mail only.

**14. <u>Entire Agreement</u>.**

This Agreement sets forth the entire understanding between Employer and Employee and supersedes any prior agreements or understandings, express or implied, pertaining to the terms of Employee's employment with Employer and the termination of the employment relationship, except the Agreement shall not in any way affect, modify, or nullify any prior agreement Employee entered into with Employer regarding confidentiality, trade secrets, or unfair competition, including, but not limited to, the OSHA Settlement Agreement.

Employee expressly acknowledges that in executing this Agreement, Employee does not rely upon any representation or statement by any representative of Employer concerning the subject matter of this Agreement, except as expressly set forth in the text of this Agreement.

**15. <u>No Other Amounts or Benefits Due.</u>**

Employee acknowledges that Amazon has paid Employee all wages, salaries, bonuses, benefits and other amounts earned and accrued, less applicable deductions, and that Amazon has no obligation to pay any additional amounts other than the settlement payments described in Paragraph 2 above.

**16. <u>Effective Date</u>.** This Agreement shall be effective and enforceable upon the execution by the Parties and upon the terms set forth in Paragraph 4 of this Agreement ("Effective Date").

**17. <u>Additional Acknowledgement</u>.**

Employee acknowledges:

(a) that Employee has read the terms of this Agreement, and that Employee understands its terms and effects, including the fact that Employee has agreed to RELEASE AND FOREVER DISCHARGE Amazon from any legally waivable actions, including but not limited to any and all actions arising out of Employee's employment relationship with Amazon and the termination of that employment relationship;

(b) that Employee has signed this Agreement voluntarily and knowingly in exchange for the consideration described herein, which Employee acknowledges is adequate and satisfactory to Employee;

(c) that Employee has signed this Agreement after the date of Employee separation from Amazon and was offered at least 21 days to consider Employee's choice to sign this Agreement;

(d) that Employee has been advised to consult and has consulted with an attorney, concerning this Agreement;

(e) that Employee knows Employee can revoke this Agreement within 7 days of signing it and that the Agreement does not become effective until that 7-day period has passed. To revoke, contact counsel for Employer, Joseph P. Hoag at josephhoag@dwt.com; and

(f) that Employee agrees that changes to this Agreement before its execution, whether material or immaterial, do not restart Employee's time to review the Agreement.

**Employer**

**Amazon.com Services, Inc.**

By: DocuSigned by: Zane Brown

Title: Authorized Representative

Date: August 31, 2023

**Employee**

