**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| ALTON TYRONE PETTWAY,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON FULFILLMENT CENTER,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) | Case No. 8:23-cv-1785-MSS-CPT |

**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO RULE 12(c)**

Pursuant to Fed. R. Civ. P. 12(c), Defendant Amazon.com Services, LLC ("Amazon")[1] moves for an order of judgment in its favor on the pleadings, dismissing Plaintiff Alton Tyrone Pettway's Amended Complaint with prejudice.

**PRELIMINARY STATEMENT AND BASIS FOR MOTION**

Pettway is a former employee of Amazon whose Amended Complaint alleges meritless discrimination and retaliation claims that Pettway **has already released** through a negotiated Settlement Agreement with Amazon. Pettway is "bound by his contract" and cannot breach the obligations he voluntarily undertook in exchange for a monetary payment. *See Allied Van Lines, Inc. v. Bratton,* 351 So.2d 344, 347 (1977) ("It has long been held in Florida that one is bound by his contract.").

[1] Erroneously sued as Amazon Fulfillment Center.

After Pettway filed administrative charges against Amazon challenging the termination of his employment, the parties held settlement negotiations facilitated by the federal Occupational Health and Safety Administration, ultimately entering a Settlement Agreement in August 2023. Pettway's allegation that he did not understand the effects of the Settlement Agreement (which is contrary to the fact that he negotiated exceptions to the scope of released claims and represented that he both read and understood the Settlement Agreement) is of no moment because Florida law forecloses this argument as a means to void the contract. Because it is undisputed Pettway signed the Settlement Agreement and received valuable consideration in exchange for releasing the claims he has alleged in the Amended Complaint, the Court should grant Amazon judgment on the pleadings and dismiss the Amended Complaint with prejudice.

The Amended Complaint alternatively should be dismissed because it still fails to state any plausible claims despite the Court's prior order dismissing the Complaint on that basis. It contains no allegations to support Pettway's claims of race discrimination and retaliation, relying instead on legally insufficient, boilerplate recitations of the claims' elements.

# MEMORANDUM OF LAW

## I. FACTUAL ALLEGATIONS

### A. Pettway's Employment With Amazon.[2]

Pettway alleges that "[a]t all times relevant to this action, [he] was employed by Amazon." DE 23, ¶13. He began working at Amazon in March 2016 and alleges that "throughout his tenure with Amazon, [he] encountered discrimination by his supervisors, and then retaliation after he complained of said discrimination." *Id.* ¶¶ 14-16. Pettway further alleges that on January 24, 2023, Amazon "impute[d] fault upon Pettway" for a workplace injury. *Id.* ¶ 18. Pettway complained of "discrimination" to Human Resources. *Id.* ¶ 19. Following an investigation of alleged race retaliation, Pettway "was terminated by Amazon on February 25, 2023." *Id.* ¶ 22-23. Despite nearly seven years of alleged discriminatory treatment, Pettway does not include any specific factual allegations necessary to support a valid complaint, instead relying on generalized, conclusory allegations.

### B. Pettway Files Administrative Charges Against Amazon.

On or about May 18, 2023, Pettway filed a charge with the EEOC alleging Amazon had terminated his employment due to discrimination based on "Color, Race, [or] Retaliation." DE 1, p. 8. The EEOC issued a Right To Sue notice for Pettway's charge on or about May 24, 2023. DE 23 Ex. B. Pettway also filed charges with two other federal agencies against Amazon, one with the National Labor

---

[2] These allegations are taken from Plaintiff's Amended Complaint. Defendant does not concede their accuracy.

Relations Board (NLRB) and another with the Occupational Health and Safety Administration (OSHA). DE 1, pp. 12-26.

### C. Pettway Enters A Settlement Agreement Releasing Claims Against Amazon, Then Serves This Lawsuit.

On August 25, 2023, Pettway and Amazon entered into a Confidential Settlement Agreement and General Release of All Claims ("Settlement Agreement"), which settled any and all claims Pettway might have against Amazon except for an Unfair Labor Practice charge that Pettway had filed with the National Labor Relations Board (the "NLRB Charge"), which Pettway had insisted on excluding from the release's scope. DE 1, ¶¶ 2-5. The Settlement Agreement was attached to and incorporated in Amazon's Answer to the Amended Complaint, is central to resolution of Plaintiff's claims, and is of undisputed authenticity; it therefore is properly before the Court on this motion. *See* Section II.A, *below*. The relevant terms of the Settlement Agreement are:

> (a) Amazon gave Pettway a monetary payment to which he otherwise was not entitled and that Amazon was not obligated to pay him. (*See* DE 24, ¶¶ 2, 3);
>
> (b) In exchange for this consideration, **Pettway agreed to a broad release of all possible claims against Amazon** (including all of its corporate relatives, affiliates, owners, managers, agents, and employees), waiving "any and all claims against [Amazon], to the maximum extent permitted by law," including claims that were known or unknown that would have existed as of the time the parties signed the release. **At Pettway's insistence, the waiver excluded Pettway's NLRB Charge. The waiver otherwise included all claims arising from "any theory of discrimination or harassment in any form**, any legal restriction on [Amazon's] right to terminate employees, or any federal state, or other government statute or ordinance, **including without limitation, Title VII of the Civil Rights Act of 1964** …

> **Americans with Disabilities Act** …, all as amended, or any other statutory or common law limitation or regulation of the employment relationship of state or federal law….” (*Id*. at ¶ 5) (emphasis added);
>
> (c) Pettway agreed not to file “any additional complaints, claims, charges, appeals, or actions against [Amazon], or its related entities at any time hereafter in connection with any matters arising or occurring prior to the execution of” the Release (*Id*. at ¶ 4);
>
> (e) Pettway agreed that he had read the Settlement Agreement, fully understood its terms and the fact he was releasing all claims against Amazon, had a right to consult legal counsel and would either do so or waive that right, and was entering the Settlement Agreement voluntarily and without duress or coercion from any source (*Id*. at ¶¶ 11,12); and
>
> (f) Pettway was given 21 days to consider the Settlement Agreement and after signing it had seven days to revoke it if he wished. (*Id.* at § 17).

Notwithstanding that Pettway signed the Settlement Agreement and received consideration, Pettway acting *pro se* served Amazon with the present lawsuit on November 17, 2023, alleging claims **that he had released** for retaliation and discrimination based on race, gender, age, and disability in violation of Title VII. DE 1.

On March 14, 2024, the Court dismissed Pettway’s Complaint *sua sponte* based on its failure to state a claim. DE 22. After Pettway retained counsel, he filed the Amended Complaint, dropping his claims for age and sex discrimination but again alleging meritless claims for race discrimination and retaliation under Title VII, and again without specific factual allegations necessary to support a valid complaint. Amazon conferred with Pettway on December 8 and 18, 2023 and January 5 and 17, 2024, and then with his attorney on February 14, February 29, March 13, and April

8, 2024, regarding how the Settlement Agreement bars Pettway's claims, to no avail. Declaration of Matthew Jedreski ¶¶ 2-5. Amazon has now served Pettway's counsel with a draft motion under Rule 11 of the Federal Rules of Civil Procedure for the filing of frivolous claims. *Id*. ¶ 6.

## II. ARGUMENT

Pettway released his claims against Amazon in exchange for valuable consideration and is now bound by the terms of the contract he knowingly and voluntarily executed. Florida law only allows limited exceptions to voiding signed settlement agreements – specifically where the signing party was coerced, or not permitted to review the agreement before signing it – none of which is present here.

### A. Legal Standards.

Judgment on the pleadings is proper when no issues of material fact exist, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 12(c). A party may also assert in a Rule 12(c) motion that a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(h)(2)(B). A motion for judgment on the pleadings can be granted based on an affirmative defense when the defense appears on the face of a pleading. *Bennett v. Parker*, 898 F.2d 1530, 1535, n.2 (11th Cir. 1990).

As with a motion under Rule 12(b)(6), a motion under Rule 12(c) should be granted where "the plaintiff cannot plausibly prevail under the facts alleged, even if those facts are accepted as true and construed in the plaintiff's favor." *Miller v. Byers*, 833 F. App'x 225, 228 (11th Cir. 2020); *see also Strategic Income Fund, L.L.C. v. Spear,*

*Leeds & Kellogg Corp*., 305 F.3d 1293, 1295 n. 8 (11th Cir.2002) (concluding that substantive analysis of Rule 12(c) motion is the same as that for a Rule 12(b)(6) motion to dismiss). A claim is facially plausible only where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Ascent Hosp. Mgmt. Co., LLC v. Emps. Ins. Co. of Wausau*, No. 21-11924, 2022 WL 130722, at *2 (11th Cir. Jan. 14, 2022) (*Iqbal* standard applies to motions under Rule 12(c)). If the plaintiff has not "nudged [their] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

When deciding a Rule 12(c) motion, the court need not accept, without more, legal conclusions masquerading as facts. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Rather, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). And importantly, "[w]hile a complaint need not provide detailed factual allegations, the standard 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Finn v. Kent Sec. Servs., Inc.*, 981 F. Supp. 2d 1293, 1296 (S.D. Fla. 2013) (*quoting Iqbal*, 556 U.S. at 679).

The court may consider any document attached to the Rule 12(c) motion that is incorporated by reference in the pleadings, central to resolution of the claims, and whose authenticity is undisputed. *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997); *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (affirming Rule 12(c) motion based on document incorporated by reference into answer); *Hammer v. City of Sun Valley*, No. 1:13-CV-00211-EJL, 2015 WL 4591549, at *2 (D. Idaho July 28, 2015), *aff'd in part*, 700 F. App'x 659 (9th Cir. 2017) (holding that court may consider documents attached to or incorporated by reference in answer on Rule 12(c) motion).

## B. Judgment On All Claims Is Appropriate Because Pettway Released Those Claims.

The Settlement Agreement waives all of Pettway's claims against Amazon clearly, expressly, and in plain language; it includes an explicit release of any possible claims based on "any theory of retaliation [and] any theory of discrimination or harassment in any form… including without limitation, Title VII of the Civil Rights Act of 1964" and the "Americans with Disabilities Act." *Id.* Pettway represented that he read and understood the Agreement and affirmed he was entering into the Agreement knowingly, voluntarily, and without coercion. *Id.* ¶ 11. Pettway also attested to having had the right and opportunity to consult with legal counsel of his choice. *Id.* ¶ 12. Eleventh Circuit case law makes clear that a release of employment discrimination claims is enforceable when the employee consents to a

release of claims in exchange for consideration. *See, e.g., Myricks v. Federal Reserve Bank of Atlanta,* 480 F.3d 1036, 1040 (11th Cir. 2007) (citing *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 52 (1974)). Judgment as a matter of law is therefore appropriate.

### C. No Exception Applies To Enforcing The Signed Agreement.

Even if true, Pettway's dubious assertion that he misunderstood the legal effects of the Settlement Agreement does not relieve him of his contractual obligations. Pettway does not allege that he was coerced, induced or otherwise prevented to escape a contract such as the Settlement Agreement, which is what Florida law would require to void the agreement. As the Supreme Court of Florida held in *Allied Van Lines*:

> Unless one can show facts and circumstances to demonstrate that he was prevented from reading the contract, or that he was induced by statements of the other party to refrain from reading the contract, it is binding. No party to a written contract in this state can defend against its enforcement on the sole ground that he signed it without reading it.

351 So.2d at 347-48; *see also Rocky Creek Retirement Properties, Inc. v. Estate of Fox*, 19 So.3d 1105 (Fla. 2nd DCA 2009) ("[A] party normally is bound by a contract that the party signs **unless the party can demonstrate that he or she was prevented from reading it** or induced by the other party to refrain from reading it.")

Further, any allegation that Pettway was told something inconsistent with the language of the Settlement Agreement is of no moment. As the Court of Appeal explained in *TRG Night Hawk Ltd. v. Registry Development Corp.*, a party cannot "justifiably rely" upon alleged oral representations about an agreement if such

representations contradict the clear terms of the contract. 17 So.3d 782, 785 (Fla. 2nd DCA 2009) ("A party cannot recover for alleged false misrepresentations that are adequately dealt with or expressly contradicted in a later written contract.").

Pettway's claims fall squarely within the release Pettway executed in exchange for consideration, and he has not alleged any circumstances that would justify voiding the agreement (because no such circumstances existed). Accordingly, the Court should grant judgment in favor of Amazon on its affirmative defense of release and dismiss Pettway's Amended Complaint with prejudice. *See Hammer*, 2015 WL 4591549 at *2 (granting Rule 12(c) motion based on affirmative defense of release); *Nathaniel v. City of New York*, No. 16CV256RRMRER, 2017 WL 3912986, at *2 (E.D.N.Y. Sept. 6, 2017) (same); *Alicea v. City of New York*, No. 1:16-CV-07347 (JLR), 2023 WL 3724131, at *6 (S.D.N.Y. May 30, 2023) (same); *Jackson v. City of Chicago*, No. 10 C 2192, 2010 WL 3723911, at *3 (N.D. Ill. Sept. 15, 2010) (same); *Aho v. Cleveland-Cliffs, Inc.*, 219 F. App'x 419, 424 (6th Cir. 2007) (affirming grant of Rule 12(c) motion based on covenant not to sue).

### D. The Amended Complaint Fails To State Any Discrimination or Retaliation Claims.

Pettway's Amended Complaint must be dismissed because of the Settlement Agreement. But even setting aside this fatal deficiency, the Amended Complaint also fails to state any valid claims because it lacks sufficient factual allegations to establish them. *See* Fed. R. Civ. P. 12(h)(2)(B); Fed. R. Civ. P. 12(b)(6).

**1. Pettway fails to allege a race discrimination claim.**

Under Title VII of the Civil Rights Act of 1964, it is unlawful for an employer to discriminate against an individual because of such individual's race, color, religion, sex, or national origin. 42 U.S.C. §§ 2000e(2)(a)(1) (emphasis added). A Title VII plaintiff must allege "enough factual matter to plausibly suggest that" the employment decision at issue was motivated by intentional discrimination. *Evans v. Georgia Reg'l Hosp.*, 850 F.3d 1248, 1254 (11th Cir. 2017). The Amended Complaint fails this modest test, offering just five allegations with any concrete factual information:

1. Pettway worked for Amazon;
2. He was not allowed to use a pseudonym that Amazon "deemed offensive";
3. He was injured at work, and Amazon characterized the incident as "avoidable";
4. He "confronted and complained" to human resources about "discrimination"; and
5. Amazon terminated his employment.

DE 23.

Critically, the Amended Complaint raises substantially the same allegations that the Court has already dismissed once. DE 22. Even assuming all these assertions as true for present purposes, Pettway has failed to allege facts that plausibly state his termination was motivated by racial bias. First, Pettway fails to identify a

comparator of a different race who was treated more favorably than him. *See Howard v. Sunniland Corp*., 281 F. Supp. 3d 1253, 1258–59 (M.D. Fla. 2017) (dismissing Title VII discrimination claim because plaintiff failed to "identify a similarly situated individual outside of his class who was treated differently [as required] to establish a prima facie case of employment discrimination."). Second, none of Pettway's allegations provide any circumstantial evidence Pettway's race motivated the decision to terminate his employment, nor does Pettway even attempt to draw that connection. Pettway instead impermissibly relies on "labels and conclusions, and a formulaic recitation of the elements of a cause of action," which is insufficient to state a claim. *Iqbal*, 556 U.S. at 679; *see also Showers v. City of Bartow*, 978 F. Supp. 1464, 1468 (M.D. Fla. 1997) (dismissing plaintiff's Title VII claim where there was "[n]o factual allegation … as to whether Plaintiff and similarly situated non-protected persons received dissimilar treatment, nor did Plaintiff provide sufficient facts to support the inference of a nexus, or causal connection, between race and the disparate treatment.").

Pettway's allegations are also insufficient to state a plausible claim for hostile work environment: "Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment—an environment that a reasonable person would find hostile or abusive—is beyond Title VII's purview." *Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 21 (1993). Title VII's prohibition of harassment "forbids only behavior so objectively offensive as to alter the 'conditions' of the victim's employment." *Oncale v. Sundowner Offshore Services, Inc.,* 523 U.S. 75, 81

(1998). The objective severity of harassment should be judged from the perspective of a reasonable person in the plaintiff's position, considering all the circumstances. *Id.* (citing *Harris,* 510 U.S. at 23). Thus, courts in Florida and the Eleventh Circuit consistently have dismissed harassment claims when the plaintiff failed to allege conduct that a reasonable jury could find severe or pervasive enough to constitute a violation of Title VII.

Several examples demonstrate the high threshold for alleging a hostile work environment – a threshold that Pettway's allegations fall far below. In *Thompson v. City of Miami Beach, Fla.,* the court dismissed plaintiff's hostile work environment claim where plaintiff alleged three instances of being called racial slurs. 990 F. Supp.2d 1335 (2014). In *Alhallaq v. Radha Soami Trading, LLC,* the court affirmed dismissal of plaintiff's religious harassment claim where plaintiff alleged a coworker told her to "go to hell," "burn in hell," and played Christian gospel music, purportedly because plaintiff was a Muslim. 484 Fed. Appx. 293, 296 (11th Cir. 2012). In *Harris v. Pub. Health Tr. of Miami-Dade Cnty*., the court affirmed summary judgment of plaintiff's race harassment claim based on a supervisor's comment that "blacks are lazy, and don't like to work" because, while "ignorant and demeaning," it did rise to the level of sufficiently severe or pervasive. 82 F.4th at 1305 ("[Plaintiff] must establish that [he] suffered unwelcome harassment, that it was based on a protected characteristic, and that it was sufficiently "severe or pervasive" to alter the terms and conditions of [his] employment and create an abusive working environment").

In contrast, Pettway alleges only that he was not allowed to use an "offensive" pseudonym and that a workplace injury was characterized as "avoidable." Pettway ties neither of these allegations to his race. He alleges no threats, no racial slurs, and no other differential treatment based on race. Even construed in a light most favorable to Pettway and granting him every inference, the Amended Complaint fails to state plausible claims for discrimination of any sort.

**2. Pettway fails to state a plausible claim for retaliation.**

Pettway likewise fails to allege a plausible claim for retaliation because he fails to assert that he engaged in statutorily protected conduct or that he was terminated because of it. To state a claim of retaliation under Title VII, a plaintiff must allege "she engaged in statutorily protected conduct; she suffered an adverse employment action; and a causal relation exists between the two events." *Berry v. Crestwood Healthcare LP*, 84 F.4th 1300, 1307 (11th Cir. 2023); *Pennington v. City of Huntsville,* 261 F.3d 1262, 1266 (11th Cir. 2001) (citing *Olmsted v. Taco Bell Corp.,* 141 F.3d 1457, 1460 (11th Cir. 1998)). Where a plaintiff fails to allege these facts, dismissal is appropriate. *See Jean v. LP Port Charlotte*, LLC, No. 2:16-CV-674-FTM-38CM, 2017 WL 6624117, at *2 (M.D. Fla. Dec. 28, 2017) (dismissing Title VII retaliation claim where the plaintiff made "no effort to allege specifically why or how there was retaliation, instead expecting the Court and Defendant to discern such details from an almost indecipherable Complaint.").

While Pettway makes the bare-bones assertion he "confronted and complained to human resources" about "discrimination," he provides no details

about what exactly this complaint was, when it occurred, who engaged in the alleged discriminatory conduct, or what that conduct was. Such vague and conclusory allegations are wholly inadequate to support a retaliation claim, as this Court has repeatedly held. *See, e.g., Robinson v. HCA Healthcare Services Florida, Inc.*, 2024 WL 1346981 (M.D. Fla.) at *2 (dismissing plaintiff's Title VII retaliation claim as "woefully inadequate" for its failure to state with specificity who retaliated against her and how); *Shadduck v. City of Arcadia, Florida*, 2022 WL 45052 (M.D. Fla.) at *4 (dismissing plaintiff's FMLA retaliation claim for asserting a causal connection between her statutorily protected activity and the alleged retaliation "simply because she engaged in the statutorily protected activity.")

Similarly, to the extent that Pettway alleges his termination was the retaliatory action, he alleges no facts to bolster this position, nor does he credibly contest Amazon's position that he was terminated for repeated safety violations. Once again, Pettway has simply recited the elements rather than pleading sufficient factual allegations to state a plausible claim. For this additional reason, Pettway's retaliation claim should be dismissed with prejudice.

## III. CONCLUSION

For the foregoing reasons, the Court should grant judgment in Amazon's favor on its affirmative defense of release or, alternatively, dismiss the Amended Complaint with prejudice because it still fails to state any plausible causes of action. Because the Court has already dismissed Pettway's complaint once, and his amended pleading shows he has no further allegations that might establish a claim (particularly

in light of the Settlement Agreement), the Court should dismiss Pettway's claims with prejudice.

DATED this 18th day of June, 2024.

*s/ Matthew Jedreski*
Matthew Jedreski, Special Admission
Washington Bar No.: 50542
mjedreski@dwt.com

Melina Garcia
Washington Bar No.: 58036
Florida Bar No.: 1008309
melinagarcia@dwt.com

DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington 98101-1610
(206) 622-3150 Telephone
(206) 757-7700 Facsimile

Attorneys for Defendant
Amazon.com Services, LLC

**CERTIFICATION OF SERVICE**

I HEREBY CERTIFY that on this 18th day of June, 2024, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system which will send a notice of electronic filing to counsel of record appearing on the Certificate of Service generated by the ECF system.

/s/ *Matthew Jedreski*
Matthew Jedreski, Attorney