## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ALTON TYRONE PETTWAY,**

      **Plaintiffs,**

**v.**                                                      **Case No: 8:23-cv-1785-MSS-CPT**

**AMAZON FULFILLMENT**
**CENTER,**

      **Defendant.**

_____

## ORDER

**THIS CAUSE** comes before the Court for consideration of Defendant Amazon

Fulfillment Center's Motion for Judgment on the Pleadings, (Dkt. 25), and the

response in opposition thereto. (Dkt. 27) Upon consideration of all relevant filings,

case law, and being otherwise fully advised, the Court **DENIES** Defendant's Motion.

### I.    BACKGROUND

Plaintiff initiated this action against Defendant on August 31, 2023. (Dkt. 1) In

the Amended Complaint (the "Complaint"), Plaintiff asserts claims of discriminatory

termination, retaliatory termination, and retaliatory hostile work environment under

Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*. (Dkt. 23) In support of his

claims, Plaintiff alleges the following facts.

Beginning in March 2016, Plaintiff, a black man, was employed by Defendant

as an inbound support services representative. (Id. at ¶¶ 12–15) "Throughout his tenure

with Amazon, [Plaintiff] encountered discrimination by his supervisors . . . ." (Id. at ¶ 16) By way of example, in August 2022, Plaintiff "was prohibited from using a particular pseudonym for his work identification badge" because "Amazon deemed the pseudonym offensive." (Id. at ¶ 17) Then, on or about January 24, 2023, Amazon characterized a workplace injury of Plaintiff's as "'avoidable'" "to impute fault upon" Plaintiff. (Id. at ¶ 18)

Plaintiff "confronted and complained of" discrimination to Amazon's human resources department. (Id. at ¶ 19) Nevertheless, Plaintiff continued to experience discriminatory and retaliatory actions by Amazon. (Id. at ¶ 20) Ultimately, Amazon terminated Plaintiff's employment on February 25, 2023. (Id. at ¶ 23)

Plaintiff alleges Amazon "tolerated and cultivated a work environment that discriminated against Pettway because of his race." (Id. at ¶ 21) Additionally, Plaintiff alleges Amazon "ignored, disregarded, minimized, covered up, mishandled, or otherwise failed to respond properly to evidence" of race discrimination in the workplace. (Id. at ¶ 22) Plaintiff maintains that although he was qualified for his position, Amazon treated him "differently from, and less preferably than, employees of a different race." (Id. at ¶ 27)

Plaintiff filed a charge of discrimination with the EEOC on May 18, 2023. (Dkt. 23-1) The EEOC signed its determination that it would not proceed with its investigation into Plaintiff's charge on May 24, 2023. (Dkt. 23-2) The EEOC's determination contained notice of Plaintiff's right to sue. (Id.) Plaintiff attaches documentation of his charge and the EEOC's dismissal to the Complaint.

In response to the Complaint, Amazon filed its Answer and Affirmative Defenses. (Dkt. 24) Therein, Amazon denies that Plaintiff encountered discrimination by his supervisors and denies that Plaintiff complained of discrimination to Amazon's human resources. (Id. at 6–7) Amazon denies that Amazon took discriminatory or retaliatory actions against Plaintiff. (Id. at 7) Amazon also denies that Plaintiff was qualified for his position and that Amazon treated him less preferably than employees who were not black. (Id. at 8)

Amazon now moves for judgment on the pleadings. (Dkt. 25) First, Amazon argues Plaintiff released the claims he asserts in this proceeding in a settlement agreement between Plaintiff and Amazon, a copy of which is attached to Amazon's Answer and Affirmative Defenses (the "Agreement"). (Id. at 8; Dkt. 24-1) Amazon maintains that the Agreement is enforceable and precludes Plaintiff's attempt to litigate his claims under Title VII. (Dkt. 24 at 9) Second, Amazon argues the Amended Complaint fails to allege sufficient facts to state plausible claims for relief. (Id. at 10)

Plaintiff responds that the plain language of the Agreement did not waive or release Plaintiff's EEOC claim. (Dkt. 27 at 3) In the alternative, Plaintiff asserts the Court should apply the implied covenant of good faith and fair dealing to find that Plaintiff's claims are not barred because of the Agreement. Additionally, Plaintiff argues the Agreement is ambiguous, so the Court may consider parol evidence that supports Plaintiff's interpretation of the Agreement's language. Lastly, Plaintiff argues this Court should not enforce the Agreement because Plaintiff was mistaken as to the meaning of the release (unilateral mistake) and Amazon intentionally and/or

negligently misrepresented a material fact to induce Plaintiff to agree to the release (fraud in the inducement and negligent misrepresentation).

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after the pleadings are closed. Fed R. Civ. P. 12(c). A motion under this Rule is "governed by the same standards as a motion to dismiss under Rule 12(b)(6)." United States v. Bahr, 275 F.R.D. 339, 340 (M.D. Ala. 2011). Thus, the Court "accept[s] the facts in the Complaint as true and view[s] them in the light most favorable to the nonmoving party." Ortega v. Christian, 85 F.3d 1521, 1524 (11th Cir. 1996). "Judgment on the pleadings under Rule 12(c) is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." Horsley v. Rivera, 292 F.3d 695, 700 (11th Cir. 2002) (citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)). "If upon reviewing the pleadings it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint. Id. (citing White v. Lemacks, 183 F.3d 1253, 1255 (11th Cir. 1999)).

## III.    DISCUSSION

Amazon argues it is entitled to judgment in its favor because the Complaint fails to state a claim upon which relief can be granted and because Plaintiff waived his Title VII claims when he signed the Agreement. "Judgment on the pleadings under Rule 12(c) is appropriate when there are no material facts in dispute . . . ." Horsley, 292

F.3d at 700 (citing <u>Hawthorne</u>, 140 F.3d at 1370).  "If a comparison of the allegations in the pleadings shows a material fact in dispute, the court must deny the motion." <u>Whitty v. Covidien LP</u>, No. 13-cv-1176, 2015 WL 13790807, at *2 (M.D. Fla. Jan. 7, 2015).

In its Answer and Affirmative Defenses, Amazon denies that Plaintiff experienced discrimination and that Plaintiff complained of discrimination to Amazon's human resources. (Dkt. 24 at 6–7) Amazon denies that Amazon took discriminatory or retaliatory actions against Plaintiff. (<u>Id.</u> at 7) Amazon also denies that Plaintiff was qualified for his position and that Amazon treated him less preferably than employees who were not black. (<u>Id.</u> at 8) These denials show material facts are in dispute. For this reason, Amazon is not entitled to a judgment on the pleadings.

Additionally, a dispute of material facts exists as to whether Plaintiff assented to the terms of the Agreement. As defenses to formation of the Agreement, Plaintiff raises his own unilateral mistake and Amazon's alleged fraudulent and negligent misrepresentations. Plaintiff argues this Court should permit Plaintiff to litigate his Title VII claims because there was no meeting of the minds as to the effect of the waiver and release in the Agreement on those claims. The merits of Plaintiff's defenses involve disputed questions of fact.

Based on the foregoing, Amazon's Motion is due to be **DENIED**.

In an attempt to preserve judicial resources and to narrow the issues presented in this litigation, the Court advises that it finds the plain language of the Agreement unambiguously releases and waives the claims Plaintiff asserts in this action. "The

construction of a contract is a question of law for the courts to determine where the language used in the written contract is clear, unambiguous, and susceptible of only one interpretation." Steven Enter. Grp. Inc. v. Diversified Aero Inventory I, LLC, 326 So. 3d 128, 129 (Fla. 3d DCA 2021) (citations and internal quotations omitted). "A contract should be read as a whole." Talbott v. First Bank Fla., FSB, 59 So. 3d 243, 245 (Fla. 4th DCA 2011). This Court must "'read provisions of a contract harmoniously in order to give effect to all portions thereof.'" Holmes v. Fla. A&M Univ., 260 So. 3d 400, 405 (Fla. 1st DCA 2018) (quoting City of Homestead v. Johnson, 760 So. 2d 80, 84 (Fla. 2000)).

The scope of the provision that permits Plaintiff to communicate with, cooperate with, provide relevant information to, and assist in an investigation by the EEOC, and to testify, participate, or otherwise assist in an action or proceeding relating to a violation of a law, rule, or regulation administered by the EEOC, is informed and qualified by the other provisions in the Agreement. Plaintiff's receipt of settlement consideration was unambiguously conditioned upon on his abandonment of any charges filed with any government agencies, except for a charge he previously filed with the NLRB. (Dkt. 24-1 at 2) Likewise, the General Release provision unambiguously waived Plaintiff's claims under Title VII arising out of events occurring prior to August 25, 2023. (Id. at 3–4)

To interpret the provision that permits Plaintiff to assist with EEOC investigations or proceedings as permitting Plaintiff to pursue his own litigation of claims under Title VII against Amazon would be inconsistent with the broad releases

and waivers contained in the Agreement. Such an interpretation would also contravene the Parties' stated intent to "enter into an agreement to prevent, settle, and resolve any disputes that may exist between them arising out of their employment relationship and its termination, with the exception of the NLRB Charge, and they enter into this Agreement for that purpose." (Id. at 1) For these reasons, Plaintiff's proposed construction of the Agreement is not reasonable. Instead, a reasonable interpretation of the exception provision permits Plaintiff, for example, to testify in litigation proceedings against Amazon to which he is not a party, or to respond to an inquiry by the EEOC about Amazon.

Read as whole, the Agreement unambiguously provides that Plaintiff waives his own claims against Amazon arising out of his employment in exchange for the settlement consideration. By signing the Agreement, Plaintiff waived the claims he asserts in this action. But Plaintiff may avoid the waiver if he establishes a defense to formation.

The Court also finds it unnecessary to apply the implied covenant of good faith in this circumstance. "Florida's implied covenant of good faith and fair dealing is a gap-filling default rule. It is usually raised when a question is not resolved by the terms of the contract or when one party has the power to make a discretionary decision without defined standards." Publix Super Markets, Inc. v. Wilder Corp. of Del., 876 So. 2d 652, 654 (2d DCA 2004). The interpretive question raised here—whether Plaintiff's assent to the Agreement waived his claims under Title VII—is resolved by the unambiguous terms of the contract, if it is ultimately determined that Plaintiff

freely assented to the contract of settlement. Accordingly, the Court finds the implied covenant of good faith inapplicable to this dispute.

Although the plain language of the Agreement would constitute a waiver of Plaintiff's Title VII claims, disputes of material fact remain as to several of Plaintiff's material factual allegations concerning his asserted defenses to contract formation: unilateral mistake, fraudulent inducement, and negligent misrepresentation. Consequently, judgment on the pleadings is inappropriate at this stage.

## IV.    CONCLUSION

Accordingly, it is hereby **ORDERED**:

1. Defendant Amazon Fulfillment Center's Motion for Judgment on the Pleadings, (Dkt. 25), is **DENIED**.

2. The Clerk is directed to **LIFT THE STAY** in this case.

3. The Court will enter an Amended Case Management and Scheduling Order by separate notice.

**DONE** and **ORDERED** in Tampa, Florida, this 12th day of December 2024.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person